# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | CRIMINAL ACTION |
| v. | : | No. 16-12 |
| | : | |
| ERIC KALB | : | |

**MCHUGH, J.**                                                                                                          **OCTOBER 24, 2016**

## MEMORANDUM

This is a criminal prosecution for the destruction of property located on federal land. By the Government's theory of the case, Defendant Eric Kalb aided and abetted the destruction of an electrical transfer box in the Valley Forge National Historical Park, by agreeing to drop off and pick up a friend there who intended to vandalize the box for recyclable metal in a practice known as "scrapping." Tragically, that friend, Mark Tuoni, was electrocuted. Although there is scant if any evidence that Defendant himself was engaged in scrapping that night, the Government's motivation for prosecution undoubtedly stems from the fact that Mr. Kalb is himself a known scrapper whose conduct has in the past put him on the wrong side of the law.

On the night that this tragedy occurred, Mr. Kalb made a 911 call from a payphone reporting the incident, but without identifying himself. Police responded both to the site of the electrocution and to the payphone from which the call originated, as they were understandably interested in identifying the caller. Mr. Kalb had left the phone from which he placed the call, but was stopped by police nearby, and voluntarily gave a statement that forms the foundation for this prosecution. The defense contends that the stop was unlawful, and that the resultant statement must therefore be suppressed. For the reasons that follow, I agree, and have entered an order granting the motion to suppress.

As an initial matter, I found the testimony of all the law enforcement officers credible. First, I am persuaded that Officer Raymond Emrich, who was dispatched to the payphone from where the call had been placed, had a proper basis for identifying a white male driving a white Ford Ranger with tinted windows as the likely caller. I also credit the testimony of Officer Byron Ferguson who stopped Mr. Kalb on the basis of that "flash" information. Finally, I credit the testimony of both Officer Theodore McGinley and Detective Les Glauner that at no time was Mr. Kalb in custody, and at all times his cooperation with the police was totally voluntary.[1] But my acceptance of all of the testimony of the various law enforcement personnel involved does not alter my conclusion that police lacked the authority to stop Mr. Kalb in the first instance.

The Government concedes that in the absence of a warrant, it has the burden to establish that the stop was lawful. *United States v. Herrold*, 962 F.2d 1131, 1137 (3d Cir. 1992). It attempts to justify the officers' actions here under *Terry v. Ohio*, 392 U.S. 1 (1968), which permits "a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000). Although the Government's burden under *Terry* is far less onerous than a showing of probable cause, the Government cannot justify stopping Mr. Kalb on the record here.

The content of the 911 call, set forth in an "Event Register"[2] submitted at the suppression hearing, in no way suggests that the caller is anything more than a witness. He stated that a male had been electrocuted; identified the site; described his efforts to find a phone; and reported that the victim "may have been scrapping." The caller was obviously upset, and unwilling to identify himself, but said nothing that implicated himself in any criminal conduct. Based on the information supplied, before Officer Emrich even reached the location from which the call had

---

[1] For that reason, Defendant's contention that there was a *Miranda* violation is rejected.

[2] The Event Register is attached to this Memorandum.

been made, authorities were able to identify and respond to the site of the electrocution. Although the situation was obviously a serious one because it involved a fatality, the gravity of the matter does not change the controlling legal standard.

In elaborating on *Terry*, the Supreme Court has held that "[an] investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." *United States v. Cortez*, 449 U.S. 411, 417 (1981). Or, as the Third Circuit has characterized *Terry*, an officer "must have a particularized and objective basis for believing that the particular person [being stopped] is suspected of criminal activity." *United States v. Brown*, 159 F.3d 147, 149 (3d Cir. 1998). At most, the police had reason to believe that Mr. Kalb had information **about** likely criminal activity.

In that regard, the fact that Mr. Kalb was in a position to observe the offense he reported does not suffice, because mere proximity to criminal conduct is not a justification for an investigatory stop. *United States v. Navedo*, 694 F.3d 463, 468–69 (3d Cir. 2012) (extending the principles of *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979), to investigatory stops).

In reaching this result, I attach particular significance to the fact that *Terry* focuses on situations where there is some immediacy, and where prompt police action is necessary in order to deal with an ongoing or future threat, as emphasized by the Supreme Court in *Cortez*. An accidental electrocution during an act of vandalism is not like an act of violence where a fleeing suspect who is armed poses an ongoing threat to public safety. At the point where Mr. Kalb was stopped, nothing was then "afoot," as neither his unwillingness to identify himself to the 911 operator nor his attempt to elude identification was unlawful. Significantly, the investigatory needs of the police were already met when Officer Ferguson pulled up behind Mr. Kalb's vehicle and was able to identify the license place. That information alone would have sufficed, without

3

pulling him over. The relevance of such alternative methods was recognized by the Court of Appeals in *United States v. Roberson*, 90 F.3d 75, 81 (3d Cir. 1996), where an anonymous tip to a 911 operator that a suspect was dealing drugs on a street corner was deemed insufficient to support a *Terry* stop. In suppressing evidence obtained pursuant to the stop, the Court observed that police are hardly powerless in such a situation, as the initial information they have can form the basis for further investigation such as surveillance. Here, the officer who stopped Mr. Kalb could have continued to follow him to his destination and engaged him in conversation, or other officers later could have gone to his home to engage in what is colloquially referred to as a "knock and talk" encounter. Indeed, Mr. Kalb's willing cooperation after he was pulled over suggests that such tactics would have sufficed to meet the needs of the investigation.

*Roberson* sheds further light on this case in another respect. There, an anonymous tip reporting supposedly ongoing criminal activity was deemed insufficient to support a stop in the absence of direct police observation. Here, the anonymous tip reported only that a man had been electrocuted, and the subsequent stop was unsupported by any law enforcement information whatsoever and based entirely on an inference that the tipster himself might have been criminally involved. If the tip in *Roberson* was deemed unreliable absent some confirmation, I cannot see how the simple act of making a call to 911 reporting an incident can provide the justification for a stop.

Mr. Kalb's statement was the product of the unlawful stop, and the Government does not try to argue that there is any "meaningful intervening event" that would attenuate its taint. *Taylor v. Alabama*, 457 U.S. 687, 691 (1982). Accordingly, it cannot be used as evidence.

          /s/ Gerald Austin McHugh
United States District Judge

Case 2:16-cr-00012-GAM   Document 38-1   Filed 10/24/16   Page 6 of 8

# Montgomery County Department of Public Safety



# Event Register

**Event Number : P14495512**

## Event Comments

| Date & Time | Create Terminal | Comment |
|---|---|---|
| Sep 13, 2014 03:59:58 | cad023 | MALE SAYING ANOTHER MALE WAS ELECTROCUTED |
| Sep 13, 2014 03:59:58 | cad023 | AT THE OLD 'JOHN KENNEDY SUPPLEE RESTAURANT NEAR VALLEY FORGE PARK |
| Sep 13, 2014 04:00:00 | mcad1 | ** PI/CN search completed at 09/13/14 04:00:00 |
| Sep 13, 2014 04:00:13 | cad023 | CALLER DROVE TO NORRISTOWN TO FIND A PAYPHONE |
| Sep 13, 2014 04:00:50 | cad023 | SAYING THE STORE IS CLOSING |
| Sep 13, 2014 04:00:55 | cad023 | CALLER RAMBLING |
| Sep 13, 2014 04:01:06 | cad023 | SAYING HE SAW A SPARK, CANT FIND THE FRIEND OF THE MALE |
| Sep 13, 2014 04:01:31 | cad023 | THE MALE MAY HAVE BEEN SCRAPPING |
| Sep 13, 2014 04:02:04 | cad023 | THE OWNERS OF THE STORE ARE TRYING TO CLOSE, TRYING TO GET THE CALLER TO HANG UP |
| Sep 13, 2014 04:02:18 | cad023 | SAYS IT IS ON THE ROAD NEAR THE CASINOS |
| Sep 13, 2014 04:03:02 | cad023 | CALLER REFUSIG TO ANSWER QUESTIONS OR GIVE HIS NAME |
| Sep 13, 2014 04:03:31 | umer01 | 56502- SEE IF 52CAR CAN MEET COMPL AND SPEAK WITH HIM WHILE WE LOOK FOR SUBJ |
| Sep 13, 2014 04:07:49 | umer01 | ** Event Location changed from "W VALLEY FORGE RD/W BEIDLER RD UMER: alias RT23/BEI" to "1700 S TROOPER RD UMER: @KENNEDY SUPPLEE MANSION - VFNP" at: 09/13/14 04:07:49 |
| Sep 13, 2014 04:07:49 | umer01 | ** >>>> by: JAMIE E. WEST on terminal: umer01 |
| Sep 13, 2014 04:07:51 | mcad1 | ** PI/CN search completed at 09/13/14 04:07:51 |
| Sep 13, 2014 04:07:52 | umer01 | ** POLICE event P14495512 created |
| Sep 13, 2014 04:08:10 | umer01 | 56502- PT APPEARS TO BE C/5 |
| Sep 13, 2014 04:08:26 | cad008 | 207 ENROUTE TO MCDONALD'S |
| Sep 13, 2014 04:09:23 | cad009 | 56STA-FD FOR LIGHTING |
| Sep 13, 2014 04:09:28 | cad008 | 207 -- NO ONE IS OUT HERE, GIVE CALLER A CALL BACK |
| Sep 13, 2014 04:10:10 | cad042 | ** Event Type changed from MUN to FSS at: 09/13/14 04:10:10 |
| Sep 13, 2014 04:10:10 | cad042 | ** >>>> by: LEVENT I. AYDIN on terminal: cad042 |
| Sep 13, 2014 04:10:11 | cad042 | ** 56PD event P14495506 requested to cancel |
| Sep 13, 2014 04:10:11 | cad042 | ** EMS event E1450731 requested to cancel |
| Sep 13, 2014 04:10:11 | cad042 | Cancel Request from agency POLICE : EMS event E1450731: event type changed to FSS |
| Sep 13, 2014 04:10:11 | cad042 | >>>> by: LEVENT I. AYDIN at 09/13/14 04:10:11 on terminal: cad042 |
| Sep 13, 2014 04:10:12 | cad042 | ** POLICE event P14495512 requested to cancel |
| Sep 13, 2014 04:10:12 | cad042 | ** POLICE event P14495510 requested to cancel |
| Sep 13, 2014 04:10:12 | cad042 | ** 047FD event F1425053 created |
| Sep 13, 2014 04:10:12 | cad042 | Cancel Request from agency POLICE : EMS event E1450731: event type changed to FSS |
| Sep 13, 2014 04:10:12 | cad042 | >>>> by: LEVENT I. AYDIN at 09/13/14 04:10:12 on terminal: cad042 |
| Sep 13, 2014 04:11:28 | cad008 | 207 -- N/B ON MARKEYL ST, WHI FORD RANGER TINTED WINDOWS |
| Sep 13, 2014 04:12:09 | cad042 | ** Event Type changed from FSS to MEL at: 09/13/14 04:12:09 |
| Sep 13, 2014 04:12:09 | cad042 | ** >>>> by: LEVENT I. AYDIN on terminal: cad042 |

INTERGRAPH    Run Date : 10/30/2015 12:17:13    Page 1 of 3

# Montgomery County Department of Public Safety



## Event Register

### Event Comments

| Date & Time | Create Terminal | Comment |
|---|---|---|
| Sep 13, 2014 04:12:10 | cad042 | ** Event Type changed from MUN to MEL at: 09/13/14 04:12:10 |
| Sep 13, 2014 04:12:10 | cad042 | ** >>>> by: LEVENT I. AYDIN on terminal: cad042 |
| Sep 13, 2014 04:12:11 | cad042 | ** Event Type changed from MUN to MEL at: 09/13/14 04:12:11 |
| Sep 13, 2014 04:12:11 | cad042 | ** >>>> by: LEVENT I. AYDIN on terminal: cad042 |
| Sep 13, 2014 04:12:12 | cad042 | ** 047FD event F1425053 requested to cancel |
| Sep 13, 2014 04:12:12 | cad042 | ** Event Type changed from MUN to MEL at: 09/13/14 04:12:12 |
| Sep 13, 2014 04:12:12 | cad042 | ** >>>> by: LEVENT I. AYDIN on terminal: cad042 |
| Sep 13, 2014 04:13:05 | cad008 | 207 -- CALLER DOES NOT KNOW WHAT CAR HE WAS DRIVING |
| Sep 13, 2014 04:13:44 | cad043 | CH47-DISPATCH R47 F47 AT REDUCED SPEED |
| Sep 13, 2014 04:14:17 | cad008 | 207 -- W/M, GRY PANTS AND GRY JACKET |
| Sep 13, 2014 04:14:50 | cad042 | -- page to 47 -- Note: R47+F47 AT REDUCED SPEED PER CH47 |
| Sep 13, 2014 04:15:11 | cad008 | ZDZ2271 -- 211 |
| Sep 13, 2014 04:15:46 | cad008 | 211 -- 200-BLK SWEDE |
| Sep 13, 2014 04:16:01 | cad008 | 52211 -- LIC/ZDZ8271, LIS/PA, LIY/14, LIT/PC. |
| Sep 13, 2014 04:16:01 | mcad1 | ** VEH search completed at 09/13/14 04:16:01 |
| Sep 13, 2014 04:16:13 | cad008 | 211 -- THIS MIGHT BE HIM, HE HAS A BUNCH OF WINDOWS IN THE BACK |
| Sep 13, 2014 04:16:19 | cad044 | |
| Sep 13, 2014 04:16:37 | cad008 | 201 -- HAVE UPPER MERION RESPOND HERE |
| Sep 13, 2014 04:17:24 | cad008 | 56PD -- WE WILL NEED HIM BROUGHT OVER HERE |
| Sep 13, 2014 04:17:44 | mcad1 | ** PI/CN search completed at 09/13/14 04:17:44 |
| Sep 13, 2014 04:17:45 | mcad1 | ** PI/CN search completed at 09/13/14 04:17:45 |
| Sep 13, 2014 04:20:53 | cad008 | 201 -- WILL HAVE SOMEONE S/B WITH VEH FOR 56PD'S TOW |
| Sep 13, 2014 04:22:46 | cad008 | 211 -- TX MALE TO 56PD S/M 87.1 |
| Sep 13, 2014 04:22:49 | cad008 | 209 FOLLOWING |
| Sep 13, 2014 04:24:40 | cad008 | 207 STANDING BY WAITING FOR THE TOW |
| Sep 13, 2014 04:27:53 | cad008 | 211 -- 89.8 |
| Sep 13, 2014 04:28:16 | umer01 | JAMISON'S ENRT FOR THE TOW |
| Sep 13, 2014 04:30:39 | cad008 | 207 -- ERIC KALB 2-1-1975 |
| Sep 13, 2014 04:33:11 | mcad1 | ** PERSON search completed at 09/13/14 04:33:11 |
| Sep 13, 2014 04:33:57 | cad008 | 29S NEG ON ERIC KALB |
| Sep 13, 2014 04:43:06 | cad008 | 207 -- 56PD & JAMISON'S ON SCENE, I'M CLEAR |
| Sep 13, 2014 04:43:10 | cad008 | ** Event P14495510 closed. |
| Sep 13, 2014 04:44:13 | cad041 | 317-3 WE WILL BE HERE FOR AWHILE TIL PECO ARRIVES AND SHUTS THE POWER OFF |
| Sep 13, 2014 04:46:14 | cad004 | 5801 ADVISED-WILL BE CONTACTING UMPD DIRECT |
| Sep 13, 2014 05:12:57 | cad026 | ** Cross Referenced to Event # P14495536 at: 09/13/14 05:12:57 |
| Sep 13, 2014 05:12:57 | cad026 | ** >>>> by: ERIN K. MELVILLE on terminal: cad026 |
| Sep 13, 2014 05:25:31 | cad026 | ** Cross Referenced to Event # P14495540 at: 09/13/14 05:25:31 |
| Sep 13, 2014 05:25:31 | cad026 | ** >>>> by: ERIN K. MELVILLE on terminal: cad026 |
| Sep 13, 2014 05:33:32 | cad016 | 1406 -- ENRT TO .... |
| Sep 13, 2014 05:51:38 | cad016 | 1406 -- ON SCENE |

# Montgomery County Department of Public Safety



## Event Register

### Event Comments

| Date & Time | Create Terminal | Comment |
|---|---|---|
| Sep 13, 2014 05:52:56 | cad041 | 317-3 CLEAR RELEASED BY 56PD OBVIOUS C/5 |
| Sep 13, 2014 05:53:04 | cad041 | ** Event E1450731 closed. |
| Sep 13, 2014 07:01:07 | cad043 | CH47 - 47 AVAIL |
| Sep 13, 2014 07:01:16 | cad043 | ** Event F1425053 closed. |
| Sep 13, 2014 09:12:48 | umer01 | ** Event P14495506 closed. |
| Sep 13, 2014 09:54:44 | cad004 | ** Event P14495512 closed. |
